09-2886-ag
Selman-Ahmeti v. Holder

BIA
Weisel, IJ
A094 798 567

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of June, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> RICHARD C. WESLEY,
> PETER W. HALL,
> *Circuit Judges.*

_____

MUHAMET SELMAN-AHMETI,
> *Petitioner,*

v.                                    09-2886-ag
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Saul C. Brown, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; Shelley R.
                       Goad, Assistant Director; Russel
                       J.E. Verby, Senior Litigation
                       Counsel, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Muhamet Selman-Ahmeti, a native and citizen of Serbia, seeks review of a June 10, 2009, order of the BIA, affirming the September 19, 2007, decision of Immigration Judge ("IJ") Robert D. Weisel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Muhamet Selman-Ahmeti,* No. A094 798 567 (B.I.A. June 10, 2009), *aff'g* No. A094 798 567 (Immig. Ct. N.Y. City Sept. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions. *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

The agency reasonably concluded that Selman-Ahmeti failed to demonstrate that he had suffered past persecution or that he had a well-founded fear of persecution in Serbia on account of a protected ground. *See* 8 U.S.C.

§ 1101(a)(42); *see also* 8 C.F.R. § 1208.13(a). The agency's finding regarding past persecution was reasonably based on the fact that Selman-Ahmeti himself was never physically harmed. *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007)("[A]n asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic.")(citing *Melgar de Torres v. Reno*, 191 F.3d 307, 313 n.2 (2d Cir. 1999)). To the extent he argues that his family was beaten and his home vandalized on account of his imputed political opinion, at the time of the incident, he was not living with the family and was able to remain in the country unharmed for four months thereafter. *See id*. at 141-42 ("[H]arm suffered by family members in combination with other factors . . . would presumably only be [persecution] where . . . the applicant not only shares (or is perceived to share) the characteristic that motivated persecutors to harm the family member, but was also within the zone of risk when the family member was harmed, and suffered some continuing hardship after the incident."). Thus, substantial evidence supports the agency's conclusion that Selman-Ahmeti failed to

3

establish that he suffered past persecution. *See Jorge-Tzoc v. Gonzales,* 435 F.3d 146, 150 (2d Cir. 2006); *see also Tao Jiang*, 500 F.3d at 141-42.

Absent past persecution, an applicant may establish eligibility for asylum by showing that he subjectively fears persecution on account of an enumerated ground and that his fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). In this case, the agency reasonably found that Selman-Ahmeti's claim of a well-founded fear of persecution was undercut by the fact that he was able to remain in the country without experiencing harm for four months following the attack on his family. *See Melgar de Torres*, 191 F.3d at 313. That Selman-Ahmeti was able to relocate his family to another village where they have been living without incident since 2006 further undermined his claim. *See id.; see also Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005).

Ultimately, the agency did not err in finding that Selman-Ahmeti failed to establish past persecution or a well-founded fear of persecution, and thus, reasonably denied his application for asylum. Because Selman-Ahmeti failed to challenge the IJ's denial of withholding of

4

removal and CAT relief on appeal to the BIA, as a statutory matter, we are without jurisdiction to consider any challenge to the denial of that relief. 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5